Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TEXCO, INC., a California corporation,

Plaintiff,

v.

WINDSOR FASHIONS, LLC, a California limited liability company; FASHION VITAMIN, INC., a California corporation; WILD HORSES APPAREL, LLC, a California limited liability company; and DOES 1-10,

Defendants.

Case No.:

**COMPLAINT FOR**

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS COPYRIGHT INFRINGEMENT
3. CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

Plaintiff TEXCO, INC. ("Texco") alleges as follows against Defendants WINDSOR FASHIONS, LLC, FASHION VITAMIN INC., WILD HORSES APPAREL LLC, and DOES 1 through 10:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has general and specific personal jurisdiction over each Defendant. Windsor Fashions, LLC is headquartered in Santa Fe Springs, California, and sold the infringing garments identified below to consumers in this District through its California retail stores and its website, windsorstore.com. Fashion Vitamin Inc. and Wild Horses Apparel LLC are Los Angeles County apparel wholesalers that sold infringing garments to Windsor from this District for delivery to its Santa Fe Springs headquarters.

3. Venue is proper in this District under 28 U.S.C. § 1400(a) because each Defendant resides or may be found here, and under 28 U.S.C. § 1391(b) because each Defendant resides here and a substantial part of the events giving rise to Texco's claims, including the sale and delivery of the infringing garments to Windsor and Windsor's distribution of them, occurred here.

## PARTIES

4. Plaintiff Texco is a California corporation located in Los Angeles, California, that does business throughout the United States.

5. Texco is informed and believes and thereon alleges that Defendant WINDSOR FASHIONS, LLC ("Windsor") is a California limited liability company with its principal place of business at 9603 John Street, Santa Fe Springs, California 90670, and is a women's apparel retailer that sells garments bearing its own WINDSOR label through retail stores across the United States and through windsorstore.com.

6. Texco is informed and believes and thereon alleges that Defendant FASHION VITAMIN, INC. ("Fashion Vitamin") is a California corporation with its principal place of business at 1626 Long Beach Avenue, Los Angeles, California 90021, and is a women's apparel wholesaler that sells finished garments to retailers, including Windsor.

7. Texco is informed and believes and thereon alleges that Defendant WILD HORSES APPAREL, LLC ("Wild Horses") is a California limited liability company with its principal place of business at 5667 Mansfield Way, Bell, California 90201, and is a women's apparel wholesaler that sells finished garments to retailers, including Windsor.

8. DOES 1 through 10 are the presently unknown manufacturers, printers, converters, importers, and vendors in the chain of distribution of the Accused Products (defined below), including the parties that printed the fabric used to make them. DOES 1 through 10 do not include the vendor that supplied the Presley Dress (defined below) to Windsor. Texco will seek leave to amend when their identities are ascertained.

## FACTUAL ALLEGATIONS

### A. Texco and the Subject Design

9. Texco is a textile company that creates original two-dimensional artwork for fabric and sells fabric bearing that artwork to apparel companies. Texco's in-house design team created, and Texco exclusively owns, the original artwork entitled Design No. P-593 (the "Subject Design").

10. The Subject Design is registered with the United States Copyright Office under Registration No. VAu 1-335-462, effective August 21, 2018, which issued before any Defendant's infringement began. The certificate identifies Texco as the author of the registered designs, which were created as works made for hire, and identifies Sharyar Aynesazan as the copyright claimant. Shortly after that registration issued, Aynesazan assigned to Texco all right, title, and interest in

all designs registered therein, including the Subject Design.

11. Since 2018, Texco has extensively marketed, sampled, and sold fabric bearing the Subject Design to numerous apparel companies, including in the Los Angeles apparel market where Fashion Vitamin and Wild Horses do business and Windsor sources its garments, and has displayed the Subject Design in its showroom and distributed strike-offs of it. Texco has never licensed any Defendant to use the Subject Design.

**B. Windsor's Private-Label Garments**

12. Windsor sells the garments at issue under its own WINDSOR label. Texco is informed and believes and thereon alleges that Windsor selects the styles, fabrics, and prints for those garments; directs its vendors to produce them under the WINDSOR label and, in some cases, exclusively for Windsor; requires its vendors to submit fit, top, and pre-production samples for its approval before shipment; and has the right to approve or reject the prints and the finished garments. Texco is further informed and believes and thereon alleges that Windsor requires its vendors to warrant that their merchandise complies with the copyright laws and to indemnify Windsor against claims of copyright infringement, and therefore knows that the prints on the garments it buys and sells may be protected by copyright.

13. Windsor is identified on the garments themselves. Each Accused Product bears the WINDSOR label, a WINDSOR hangtag carrying Windsor's style number, and Registered Identification Number ("RN") 109210 and Canadian CA Number 67538, which Texco is informed and believes are registered to Windsor to identify it as the business responsible for the garment.

**C. Defendants' Infringing Sales**

14. Windsor displayed, offered, sold, and distributed to the public, through its retail stores and windsorstore.com, (a) the Presley Lace-Up Mermaid Velvet Mesh Formal Dress, Windsor style 05002-8445 (the "Presley Dress"),

which Windsor purchased from a third-party vendor; (b) the Korey Velvet Off-The-Shoulder Mermaid Formal Dress, Windsor style 05002-000414 (the "Korey Dress"), which Windsor purchased from Fashion Vitamin; and (c) the Francine Velvet Corset Mermaid Formal Dress, Windsor style 05002-000312 (the "Francine Dress"), which Windsor purchased from Wild Horses, in each case in every colorway in which the garment was sold.

15. Fashion Vitamin sold and distributed the Korey Dress to Windsor for resale to the public. Fashion Vitamin's style number, D21635, appears on the Korey Dress's care label and on Windsor's hangtag. Texco is informed and believes and thereon alleges that Fashion Vitamin imported, or caused to be manufactured, the Korey Dress.

16. Wild Horses sold and distributed the Francine Dress to Windsor for resale to the public. Wild Horses' style number, BEF5938, appears on the Francine Dress's care label and on Windsor's hangtag. Texco is informed and believes and thereon alleges that Wild Horses imported, or caused to be manufactured, the Francine Dress.

**D. The Accused Products Copy the Subject Design**

17. The Presley Dress, Korey Dress, and Francine Dress (collectively, the "Accused Products") are shown below alongside the Subject Design. Texco's claims extend to each Accused Product in every colorway in which it was sold; one representative colorway of each is shown below.

| Subject Design: P-593 | Accused Products |
|---|---|
|  | Presley Lace-Up Mermaid Velvet Mesh Formal Dress<br><br> |

| **Subject Design: P-593** | **Accused Products** |
|---|---|
|  | Korey Velvet Off-The-Shoulder Mermaid Formal Dress<br><br> |

<table>
<tr><th><u>Subject Design: P-593</u></th><th><u>Accused Products</u></th></tr>
<tr><td></td><td><u>Francine Velvet Corset Mermaid Formal Dress</u><br><br></td></tr>
</table>

18. Each Accused Product copies the Subject Design's original selection, coordination, and arrangement of trailing vines bearing clusters of small, five-petaled blossoms with open centers, round buds on fine stalks, and narrow, pointed leaves gathered in fan-like sprays, arranged in meandering vertical columns, as well as the size, spacing, orientation, and rhythm of those elements within the repeat. Each Accused Product renders the copied composition as a flocked velvet on mesh, but the copied elements and their arrangement are the same.

19. The Accused Products are so strikingly similar to the Subject Design that the similarity can be explained only by copying, and are at a minimum substantially similar. Texco is informed and believes and thereon alleges that Defendants and their suppliers had access to the Subject Design through Texco's widespread dissemination of it, including in the Los Angeles apparel market, and access may also be inferred from that striking similarity.

**E. Pre-Suit Notice and Willfulness**

20. The Accused Products are not the first WINDSOR-label garments to bear the Subject Design. Texco is informed and believes and thereon alleges that Windsor previously purchased from another vendor, and sold under its own label, the Flocked Velvet Charm Mini Dress, Windsor style 05101-0245, which also bears the Subject Design and remained listed on windsorstore.com as late as 2025. Prior to filing the instant action, Texco notified Windsor in writing that the Flocked Velvet Charm Mini Dress infringed Texco's copyright in the Subject Design and demanded that Windsor cease all sales of products bearing it. Texco is informed and believes and thereon alleges that Windsor nonetheless went on to order and sell additional garments bearing the same Subject Design, including the Korey Dress and the Francine Dress, after receiving that notice. Texco later notified Windsor in writing that the Accused Products also infringed Texco's copyright, and Texco is informed and believes and thereon alleges that Windsor

continued to sell Accused Products after receiving that notice as well. Texco attempted to resolve the dispute with Windsor without litigation, but those efforts were unsuccessful.

21. Defendants' infringement was willful or, at a minimum, in reckless disregard of Texco's rights. Each Defendant is a sophisticated participant in the apparel industry that knows fabric prints are routinely protected by copyright, yet each sold garments bearing the Subject Design without obtaining a license or making any reasonable inquiry into whether the print was authorized. Windsor in particular requires its vendors to warrant copyright compliance, as alleged in paragraph 12, and had already been told in writing that a WINDSOR-label garment bearing the Subject Design infringed Texco's copyright, yet it continued to order and sell garments bearing the same print, sourced from multiple vendors, without confirming that the print was authorized.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)

22. Texco incorporates paragraphs 1 through 21 above. Texco sues each Defendant for its own conduct, as specified below, and does not allege that any Defendant is the agent or alter ego of another.

23. The Subject Design is an original work of authorship that Texco's in-house designers created as a work made for hire, and it reflects Texco's creative choices in selecting, rendering, coordinating, and arranging its floral elements. The Subject Design is a vertical floral of trailing vines bearing clusters of small, five-petaled blossoms with open centers, round buds on fine stalks, and narrow, pointed leaves gathered in fan-like sprays, rendered as solid silhouettes and arranged in meandering vertical columns that alternate dense clusters with open ground. This combination of elements, and the specific shapes, scale, spacing, and placement Texco chose for them, are not dictated by function or taken from the public domain.

24. Texco is, and at all relevant times has been, the sole owner of all right, title, and interest in the Subject Design, as its author and as assignee of the registered claimant, as alleged in paragraph 10. The Subject Design was registered with the United States Copyright Office before any Defendant's infringement commenced and before this action was filed, as required by 17 U.S.C. § 411(a). The certificate of registration is prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

25. Defendants, and the manufacturers and printers from which they obtained the Accused Products, had access to the Subject Design. Before any of the infringement alleged here, Texco disseminated the Subject Design widely in the apparel industry through its showroom, strike-offs, and fabric sales, as alleged in paragraph 11. Fashion Vitamin and Wild Horses operate in the same Los Angeles apparel market in which Texco marketed and sold that fabric, and Windsor sources its garments from that market. Access is also shown by the striking similarity alleged below.

26. The Accused Products copy the Subject Design. As shown in paragraph 17 and described in paragraph 18, the artwork on each Accused Product reproduces the specific blossoms, buds, leaves, and vines of the Subject Design, along with their shapes, relative scale, orientation, and placement and spacing within the repeat, and changes little beyond the colorway and the flocked velvet treatment. These similarities are so striking that they cannot plausibly be explained by independent creation, coincidence, or a common source in the public domain. At a minimum, the Accused Products are substantially similar to the protectable expression in the Subject Design, both in its specific elements and in its overall look and feel.

27. Each Defendant infringed Texco's exclusive rights without authorization, as follows: (a) Windsor caused the Subject Design to be reproduced on the Accused Products, which were made under its own label to its

specifications, and publicly displayed, distributed, and sold the Presley Dress, Korey Dress, and Francine Dress (¶¶ 12–14); (b) Fashion Vitamin reproduced, or caused to be reproduced, the Subject Design on the Korey Dress, imported it, and distributed it to Windsor (¶¶ 14–15); (c) Wild Horses reproduced, or caused to be reproduced, the Subject Design on the Francine Dress, imported it, and distributed it to Windsor (¶¶ 14, 16); and (d) DOES 1 through 10 printed, manufactured, imported, and distributed fabric and garments bearing the Subject Design (¶ 8).

28. No Defendant had Texco's permission to reproduce, import, distribute, or display the Subject Design.

29. As a result of each Defendant's infringement, Texco has suffered damages in an amount to be proven at trial, including lost sales of fabric bearing the Subject Design and harm to the value of the Subject Design, and each Defendant has obtained profits attributable to its own infringement that it would not otherwise have realized. Texco is entitled to recover its actual damages and each Defendant's profits under 17 U.S.C. § 504(b).

30. Because the Subject Design was registered before the infringement commenced, Texco may elect, at any time before final judgment, to recover statutory damages under 17 U.S.C. § 504(c) in place of actual damages and profits, including enhanced statutory damages of up to $150,000 against each Defendant whose infringement was willful, as alleged in paragraph 21, and may recover its attorneys' fees and costs under 17 U.S.C. § 505.

## **SECOND CLAIM FOR RELIEF**

(Vicarious Copyright Infringement, Against Windsor and DOES 1-10)

31. Texco incorporates paragraphs 1 through 21 above.

32. Fashion Vitamin, Wild Horses, the vendor of the Presley Dress, and the manufacturers and printers from which they obtained the Accused Products directly infringed Texco's copyright by reproducing the Subject Design on the Accused Products and distributing them to Windsor, as alleged in paragraphs 14

through 16 and 27(b) through (d). Windsor had the right and ability to supervise that conduct because, as alleged in paragraph 12, those garments were made for sale under its own label with prints it selected, approved through samples, and could reject. Windsor could have stopped the infringement by declining the print, rejecting the samples or finished garments, or requiring proof of authorization, but did not do so. Windsor received a direct financial benefit from the infringement, including its profits on the Accused Products and avoided licensing fees, and the floral print, the central decorative feature of each garment, drew customers.

33. DOES 1 through 10, including the converters and vendors that commissioned the printing of fabric bearing the Subject Design, likewise had the right and ability to supervise the printers that reproduced it and profited from the resulting sales.

34. As a result of this vicarious infringement, Texco has suffered damages in an amount to be proven at trial, and Windsor and DOES 1 through 10 have obtained profits attributable to it. Texco is entitled to recover the damages, profits, or statutory damages, and the fees and costs, described in paragraphs 29 and 30.

## <u>THIRD CLAIM FOR RELIEF</u>

(Contributory Copyright Infringement, Against Fashion Vitamin, Wild Horses, and DOES 1-10)

35. Texco incorporates paragraphs 1 through 21 above.

36. Windsor directly infringed Texco's copyright through its own acts, separate from its suppliers' sales to it: it publicly displayed images of the Accused Products on windsorstore.com to market them and distributed the Accused Products to the public through its retail stores and website, as alleged in paragraph 27(a).

37. Fashion Vitamin, Wild Horses, and DOES 1 through 10 knew or had reason to know of that infringement. Each knew it had no license or other

authorization to use the Subject Design, and each sold the Accused Products, or the fabric used to make them, for the purpose of resale to the public, so each knew that Windsor would display and sell infringing garments.

38. With that knowledge, (a) Fashion Vitamin materially contributed to that infringement by supplying the Korey Dress to Windsor; (b) Wild Horses materially contributed by supplying the Francine Dress to Windsor; and (c) DOES 1 through 10 materially contributed by printing and supplying the fabric from which the Accused Products were made. Without that supply, Windsor could not have made its infringing displays and sales.

39. As a result of this contributory infringement, Texco has suffered damages in an amount to be proven at trial, and Fashion Vitamin, Wild Horses, and DOES 1 through 10 have obtained profits attributable to it. Texco is entitled to recover the damages, profits, or statutory damages, and the fees and costs, described in paragraphs 29 and 30.

## PRAYER FOR RELIEF

WHEREFORE, Texco prays for judgment against Defendants as follows:

a. That each Defendant, and all persons acting in concert with it, be preliminarily and permanently enjoined under 17 U.S.C. § 502 from infringing Texco's copyright in the Subject Design;

b. That all infringing garments and fabric in Defendants' possession be impounded and destroyed under 17 U.S.C. § 503;

c. That Texco be awarded its actual damages and each Defendant's profits under 17 U.S.C. § 504(b) or, at Texco's election, statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement;

d. That each Defendant account for all revenues and profits derived from the Accused Products, and that a constructive trust be imposed over those revenues;

e. That Texco be awarded its reasonable attorneys' fees and full costs under 17 U.S.C. § 505;

f. That Texco be awarded pre-judgment and post-judgment interest as allowed by law; and

g. That Texco be awarded such further relief as the Court deems proper.

Texco demands a jury trial on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 11, 2026 By: */s/ Andres Navarro*
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff